■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE CONCEPCION, Appellant. — Appeal by defendant from an amended judgment of the Supreme Court, Richmond County (Di Vernieri, J.), rendered May 21, 1980, convicting him of violation of probation, upon his plea of guilty, and imposing a sentence to run concurrently with a sentence imposed on another charge in New York County. Amended judgment affirmed. We note that although the taking of the plea did not conform to the requirements of the case of *Boykin v Alabama* (395 US 238), defendant has advised that because the judgment and concurrent sentence imposed in the New York County case have been affirmed on appeal, he consents to waive his *Boykin* rights in this matter. We have reviewed the record and agree with defendant's assigned counsel that other than the *Boykin* issue, which defendant has waived, defendant neither preserved for review nor could have raised any other meritorious ground for consideration upon this appeal. Accordingly, counsel's application for leave to withdraw as counsel is granted (see *Anders v California*, 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD COUNTS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ryan, J.), rendered February 9, 1981, convicting him of three counts of rape in the first degree, two counts of sodomy in the first degree, and assault in the second degree, upon a jury verdict, and sentencing him as a second felony offender to concurrent indeterminate terms of 12½ to 25 years' imprisonment on the rape and sodomy counts and a consecutive indeterminate term of 2½ to 5 years' imprisonment on the assault count. Judgment modified, on the law, so as to provide that the sentence on the assault count shall run concurrently with the sentences imposed on the rape and sodomy counts. As so modified, judgment affirmed. The conviction for assault was predicated upon the same acts which gave rise to the convictions for the sex offenses. The sentence imposed for the assault must therefore run concurrently with the sentences imposed for the sex offenses (see Penal Law, § 70.25, subd 2; *People v Underwood,* 52 NY2d 882; *People v Dorsey,* 79 AD2d 611). It is noted that the court could have imposed consecutive sentences for the rape and sodomy counts (*People v Dorsey, supra*). On the basis that it is unclear whether the trial court would have sentenced defendant to consecutive terms on the rape and sodomy counts had it been aware of its sentencing mistake on the assault count, the People request a remand to that court for clarification and imposition of an appropriate sentence. However, in view of the retirement of the Trial Judge and also in light of his having sentenced a codefendant to the same concurrent terms for sex offenses (as well as a concurrent term for assault) to which he sentenced defendant, it is appropriate for this court to change the sentence to a lawful one and we do so. Gibbons, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.