■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER RUDAN, Appellant.—Appeal by defendant from a

judgment of the County Court, Nassau County (Delin, J.), rendered June 18, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Diamond, J.), of defendant's motion to suppress certain identification testimony.

Judgment affirmed.

The hearing court erred when it found that the photo array was not unduly suggestive. Both identification witnesses were aware that they were looking for a person who was previously described as a white male with a full mustache. The photo array consisted of seven pictures depicting eight males. While the pictures were similar in many respects, only two depicted males with full mustaches. One of those males was clearly Hispanic and had a much darker skin color than defendant. The picture of defendant was the only picture that even came close to the witnesses' previous descriptions. Thus the photo array was unduly suggestive.

Nonetheless, defendant's motion to suppress the identification testimony of the witnesses was properly denied as the taint from the suggestive photo array was clearly harmless. Defendant participated in an armed robbery of the home of one of the witnesses which lasted over an hour. The witnesses were bound and, at various times, guarded by defendant. They viewed defendant in good light at a distance of between 3 and 12 feet. One witness claimed he viewed defendant's face for about 20 to 25 minutes. Both claimed that they were specifically concentrating on defendant's face so that they could describe him after their ordeal was over. The witnesses' descriptions of defendant, given on the day of the crime, were similar and very accurate. These descriptions allowed the police to make an accurate composite sketch of defendant. Although the photo array and subsequent lineup did not take place until about four months after the crime, both witnesses expressed certainty about their identifications. They both separately and without hesitation identified defendant as a participant in the robbery. The reliability of the witnesses' identifications was further demonstrated by the fact that they were previously shown numerous slides and mug shots of other suspects, yet could not identify anyone.

It is clear that under the totality of the circumstances of this case the suggestive photo array did not render the identification testimony of the two witnesses unreliable. Each witness clearly had a strong independent source upon which to

make his identification (see, *Manson v Brathwaite,* 432 US 98; *Neil v Biggers,* 409 US 188). Thus, the motion to suppress the identification testimony was properly denied. We have reviewed defendant's other claims and find them to be without merit. Brown, J. P., O'Connor, Weinstein, and Rubin, JJ., concur.