■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO ALVAREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered August 19, 1985, convicting him of rape in the first degree, sodomy in the first degree, assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the defendant's contention that the trial court erred by instructing the jury that "another court has made a determination that the lineup procedure used in this case was fair" and that "its fairness is not for your consideration" is correct *(see, People v Ruffino,* 110 AD2d 198, 204), this error was rendered harmless beyond a reasonable doubt by the overwhelming evidence of the defendant's guilt and by an otherwise proper identification charge *(see, People v Crimmins,* 36 NY2d 230).

The record in this case reveals that the crimes of which the defendant was convicted took place in his car after he had convinced the complaining witness, a dancer in a nightclub, to accept what he claimed would be a ride to her home after she had finished work. Instead of driving her home, the defendant parked his car in an alley in such a manner that the passenger door could not be opened and viciously attacked the complainant. The defendant choked the victim to the point of unconsciousness and raped and sodomized her. The defendant also fractured the victim's jaw, repeatedly stabbed her in the neck and chest and then abandoned her in the alley.

The complaining witness had previously seen the defendant, a regular patron of the club, and knew his name was "Tony" because he often wore a shirt with that named stitched on its pocket. Before accepting the defendant's offer of a ride, the complainant spoke with the club's manager who told her that "Tony" would cause her no trouble. The manager testified that he also knew the defendant as a frequent patron by the name "Tony"; and that on the evening of the crime, the

defendant asked him to tell the complainant that "it was okay for him [the defendant] to give her a ride home". The victim and the manager identified the defendant from a lineup approximately one month after the crime and again in court. Another dancer at the club testified that she saw and spoke to the defendant at the club on the evening of the crime. He introduced himself as "Tony" and showed her a knife he was carrying in his pocket. This witness saw the victim leave with the defendant and identified him in court. Furthermore, after his arrest, the defendant gave a statement to the police which substantially contradicted his trial testimony.

Thus, unlike the circumstances of *People v Ruffino (supra)*, in this case the identification of the defendant as the perpetrator of the crimes was established by overwhelming evidence, and the trial court's error was harmless beyond a reasonable doubt *(see, People v Crimmins, supra; see also, People v Harvey,* 111 AD2d 185, *lv denied* 66 NY2d 763). Also, unlike *Ruffino*, the court in this case did not strike any testimony relating to the lineup, and did instruct the jury to consider the lineup on the issue of identification. In addition, the lineup was not the focus of the defense of this case as it was in *Ruffino* where an attorney testified for the defense concerning the lineup procedures and stated that the photograph of the lineup introduced by the prosecution at trial was inaccurate.

The imposition of consecutive sentences for the convictions of rape, sodomy and assault in the second degree were proper inasmuch as these crimes constituted separate and distinct acts *(see, People v Brathwaite,* 63 NY2d 839; *People v King,* 115 AD2d 563; *People v Counts,* 97 AD2d 772).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.