■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD CALLACE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered March 24, 1987, convicting him of sexual abuse in the first degree (three counts) and sodomy in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We have examined the photographic array from which the complainant chose the defendant's photograph and conclude that the hearing court properly found that the array was not unduly suggestive. Despite the fact that the defendant was the only bearded man represented, his beard was a small goatee and the other photographs depicted men of very similar appearance and hairstyle, who, with one exception, all wore moustaches. Thus, the defendant did not stand out *(see, e.g., People v Magee,* 122 AD2d 227). In any event, any possible suggestiveness did not render the identification testimony of the complaining witness unreliable, since she clearly had a strong independent source upon which to make her in-court identification *(see, Manson v Brathwaite,* 432 US 98; *Neil v*

*Biggers,* 409 US 188; *People v Rudan,* 112 AD2d 255). The complainant had the opportunity to observe the defendant's profile at close range, in good light for approximately a half hour. At the close of their encounter she was afforded a full-face view from inches away and expressed certainty that the defendant was her assailant. Although approximately 18 months had elapsed between the commission of the crime and the complainant's identification, its reliability was additionally supported by the fact that the complainant had viewed thousands of photographs on various occasions before identifying that of the defendant *(see, Neil v Biggers, supra).*

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions for the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and will not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The court imposed concurrent sentences on the first six counts of the indictment. The sentence imposed on the seventh count was to run consecutively to the sentences imposed on the prior six counts. The imposition of a consecutive sentence on the seventh count was proper inasmuch as the crime for which the defendant was convicted constituted a separate and distinct act *(see, People v Brathwaite,* 63 NY2d 839; *People v Alvarez,* 135 AD2d 543, *lv denied* 71 NY2d 892). The sentence was not excessive *(see, People v Suitte,* 90 AD2d 80, 86).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.