■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR PLATE, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Patsalos, J.), rendered June 27, 1984, convicting him of burglary in the first degree (two counts), robbery in the first degree (two counts), robbery in the second degree (three counts), grand larceny in the second degree, assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that it was error to allow the in-court identification of him as one of the assailants by any of the witnesses who had previously selected his picture from an unfair array. We disagree. The array was not impermissibly suggestive. Witnesses were shown numerous photographs

prior to the selection of the defendant's photograph. In any event the witnesses had strong independent sources for their in-court identifications (see, *Manson v Brathwaite,* 432 US 98; *People v Rudan,* 112 AD2d 255).

Furthermore, the identification testimony was unshaken and unimpeached despite extensive and skillful cross-examination and the jury was entitled to rely on it in reaching their verdict of guilt. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.