■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FONDAL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered December 15, 1986, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion in ruling that the jury should be permitted to view a videotape which purported to show the defendant and his accomplice in the act of shoplifting two suits from the Sears store located at the Green Acres Mall in Valley Stream. One of the two Sears' employees who watched the defendant and his

accomplice through the medium of a closed-circuit television as they were engaged in the commission of the theft testified that the videotape which was received in evidence accurately depicted the events which he had observed. Under these circumstances, there was an adequate foundation for the introduction of the videotape into evidence *(see generally, Caprara v Chrysler Corp.,* 71 AD2d 515, 523, *affd* 52 NY2d 114; *Boyarsky v Zimmerman Corp.,* 240 App Div 361; *People v Strozier,* 116 Misc 2d 103; Richardson, Evidence § 138 [Prince 10th ed]; Fisch, NY Evidence §§ 142-143 [2d ed]; *see also,* Annotation, *Admissibility of Visual Recording of Event or Matter Giving Rise to Litigation or Prosecution,* 41 ALR4th 812; Annotation, *Admissibility of Videotape Film in Evidence in Criminal Trial,* 60 ALR3d 333; 3 Wharton, Criminal Evidence § 639 [13th ed]; Carr, Electronic Surveillance § 7.05 [2] [a]).

Furthermore, in light of the testimony of the two Sears' employees who observed the defendant's conduct via a closed-circuit television, and in light of the corroborative testimony of the defendant's accomplice, any error in connection with the admission of the videotape would have to be considered harmless *(see, People v Crimmins,* 36 NY2d 230). We note, in this regard, that any violation of the common-law "best evidence rule" which may be said to have occurred due to the admission into evidence of an accurate duplicate (in VHS format) of the videotape which was originally prepared by the Sears' employee (in BETA format) should be viewed as one involving the "sheerest technicality" *(People v Crimmins, supra,* at 241) which was not at all prejudicial to the defendant and did not affect the fairness of his trial. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.