■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY M. GARRAWAY, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered June 7, 1991 and June 27, 1991, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and menacing.

As a result of an incident that occurred at defendant's apartment in the City of Binghamton, Broome County, during the early morning hours of December 2, 1990, defendant was indicted for criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and menacing (Penal Law § 120.15). Following a trial, defendant was convicted as charged. Defendant was sentenced to an indeterminate term of incarceration of 1 to 5 years for the criminal possession of a weapon conviction, while receiving a conditional discharge on the menacing conviction. Defendant appeals contending, *inter alia,* that his dog could not be considered a "dangerous instrument" within the meaning of the Penal Law. There should be an affirmance.

Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt. The police officers testified that they responded to a complaint regarding a loud party at defendant's apartment and asked defendant to turn down the music. After refusing the officers' request, defendant shouted "get King" and was handed a leash which was attached to a pit bull terrier that weighed 65 to 75 pounds and was 2½ feet tall. Defendant then yelled at the pit bull and slapped its backside with his right hand, which caused the dog to become increasingly agitated and begin barking, growling and lunging at the two police officers who were a couple of feet from the animal. As the officers backed away, they drew their service revolvers, pointing them at the pit bull and defendant stated, "It will take you at least six of those to stop him."

We reject defendant's argument that the evidence adduced at trial was not legally sufficient to establish that the pit bull was a dangerous instrument as defined in Penal Law § 10.00 (13). It is well established that an innocuous instrument can become a dangerous instrument when "under the circum-

stances in which it is * * * threatened to be used, [it] is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]; *see, People v Galvin,* 65 NY2d 761, 762-763; *People v Carter,* 53 NY2d 113, 116-117; *People v Cwickla,* 46 NY2d 434, 442; Annotation, 7 ALR4th 607). Here, defendant caused the animal to growl and lunge at the officers while being restrained only by a leash which defendant held and could release at any time, and experts testified that an unrestrained pit bull is capable of inflicting serious physical injury. In our view, the evidence at trial satisfied the proof and burden requirements for every element of the crimes charged *(see, People v Bleakley,* 69 NY2d 490). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Defendant next contends that the videotape of the pit bull that the police department made hours after the incident should not have been admitted into evidence. We disagree. The admissibility of photographic evidence which is relevant to prove or disprove a material issue is within the discretion of the trial court and such evidence "should be excluded only if its sole purpose is to arouse the emotions of the jury" *(People v Pobliner,* 32 NY2d 356, 370, *cert denied* 416 US 905; *see, People v Longo,* 182 AD2d 1019, 1022; *People v Steinberg,* 170 AD2d 50, 74-75, *affd* 79 NY2d 673). Here, there was testimony that the videotape, showing an agitated dog that is barking, growling and lunging out an open window, accurately depicted defendant's dog at the time of the incident. Under these circumstances, County Court did not abuse its discretion by admitting the videotape into evidence *(see, People v Fondal,* 154 AD2d 476, 477, *lv denied* 75 NY2d 770).

We have examined defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit.

Levine, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Broome County for further proceedings pursuant to CPL 460.50 (5).