■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN CASTRICONE, Appellant. [604 NYS2d 365] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant contends that the instruction of Supreme Court regarding its ruling at the pretrial *Wade* hearing mandates reversal. We agree. In instructing the jury regarding its *Wade* determination, the court stated that it had "concluded as a matter of law that the procedure used, including the photo array identifications made on August 16, 1991, were *[sic]* reasonable, not unduly suggestive nor in violation of defendant's constitutional rights. Those issues are not before you nor are they to be considered by you in determining the reliability of the identifications made during this trial." Defense counsel's objection to that portion of the charge was overruled and the court denied defendant's request for a curative charge.

Defendant's theory at trial was that the People's witnesses misidentified him as one of the robbers. He maintained that the use of a suggestive photo array by the police led to his lineup and the in-court identification by two of the three eyewitnesses. That theory was evident from defense counsel's cross-examination and summation. Additionally, that conten-

tion was supported by testimony of the third eyewitness, who identified an individual other than defendant as the robber.

At trial a defendant may attempt to establish that a pretrial identification procedure was so suggestive as to create a reasonable doubt regarding the subsequent lineup and in-court identifications *(People v Ruffino,* 110 AD2d 198, 203; *see also, People v Reddy,* 124 AD2d 835, 836). Where that defense is raised, it is the jury's function to consider the reasonableness or suggestiveness of a pretrial identification procedure in assessing reliability of the witness's identification *(see, People v Malone,* 173 AD2d 160, 161-162, *lv denied* 78 NY2d 969; *People v Ruffino, supra).* Therefore, it was error for the trial court to instruct the jury that the procedures used in the photo array identification were reasonable and not unduly suggestive and that those issues were not to be considered by the jury in determining the reliability of the in-court identifications *(see, People v Alvarez,* 135 AD2d 543, *lv denied* 71 NY2d 892; *People v Ruffino, supra).* Because there was no physical evidence linking defendant to the robbery, and one of the three eyewitnesses identified another individual at the lineup as the robber, we cannot conclude that the error was harmless beyond a reasonable doubt and therefore a new trial must be granted *(see, People v Ruffino, supra,* at 204; *cf., People v Alvarez, supra).*

It was also error for the trial court to deny defendant's request for a curative instruction in response to the prosecutor's insinuation during summation that, because of a "rule of law", she was not allowed to present to the jury other information that would support defendant's conviction *(see, People v Ashwal,* 39 NY2d 105, 109; *People v Ivey,* 83 AD2d 788).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Robbery, 1st Degree.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.