■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD SCUTT, Appellant. [679 NYS2d 489] —Judgment unanimously affirmed. Memorandum: Defendant's conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). We reject the contention that reversal is mandated by County Court's admission of the videotaped news

report of defendant's arrest after defendant crashed the stolen vehicle. Police officers who were at the accident scene testified that the videotape accurately depicted the events, and thus there was an adequate foundation for the introduction of the videotape into evidence (*see, People v Fondal*, 154 AD2d 476, 476-477, *lv denied* 75 NY2d 770). Moreover, that evidence is relevant to support the assertion of the People that defendant committed a robbery on July 25 and unlawfully possessed the vehicle depicted in the videotape. The court did not abuse its discretion in determining that the relevancy, materiality and probative value of the evidence outweighed any prejudice to defendant (*see, People v Johnson*, 227 AD2d 717, 718-719, *lv denied* 88 NY2d 967).

We likewise reject the contention of defendant that the court erred in giving a missing witness charge with regard to defendant's failure to call a woman named Kay. The assertion of defendant that the witness was unavailable because he was not able to locate her was inadequate to rebut the People's prima facie showing of entitlement to the charge (*see generally, People v Vasquez*, 76 NY2d 722, 723-724; *People v Gonzalez*, 68 NY2d 424, 428-429).

We agree with defendant, however, that the court erred in sustaining the People's objection to his questioning of a prosecution witness concerning the suggestiveness of his lineup identification (*see, People v Castricone*, 198 AD2d 765, 766). That error is harmless, however, because the proof against defendant is overwhelming, and there is no significant probability that the jury would have acquitted defendant but for the error (*see, People v Crimmins*, 36 NY2d 230, 242; *see also, People v Johnson*, 57 NY2d 969).

Defendant further contends that he was denied a fair trial because of prosecutorial misconduct. Although the prosecutor impermissibly impugned the defense and defendant, suggested that defendant fabricated his testimony and remarked that the issue of the voluntariness of defendant's confession had been decided before trial, the misconduct was not so pervasive or egregious as to deny defendant a fair trial (*see, People v Williams*, 202 AD2d 1004; *People v Widger*, 126 AD2d 962, *lv denied* 69 NY2d 1011).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Erie County Court, Rogowski, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Hayes, Callahan and Fallon, JJ.