■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CARELOCK, Appellant. [719 NYS2d 412] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of three counts each of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and petit larceny (Penal Law § 155.25) and sentencing him to terms of incarceration aggregating 7 to 14 years. Defendant contends that County Court erred in denying his *Batson* challenge (*see, Batson v Kentucky,* 476 US 79, 87-89). We disagree. The court properly determined that the explanations offered by the People for their peremptory challenges are race-neutral and not pretextual (*see, People v Hinds,* 270 AD2d 891, 892; *People v Diaz,* 269 AD2d 766, *lv denied* 95 NY2d 852; *People v Pena,* 251 AD2d 26, 34, *lv denied* 92 NY2d 929). The trial court "was in the best position to observe the prosecutor's demeanor" (*People v Adams,* 247 AD2d 625, *lv denied* 92 NY2d 847), and thus its determination is entitled to great deference (*see, People v Smith,* 273 AD2d 896; *People v Ricks,* 269 AD2d 851, *lv denied* 94 NY2d 952).

The court's evidentiary rulings do not warrant reversal. The video clips and photos extracted from the original surveillance tapes were properly authenticated and admitted in evidence (*see, People v Scutt,* 254 AD2d 807, 807-808, *lv denied* 92 NY2d 1038; *People v Fondal,* 154 AD2d 476, *lv denied* 75 NY2d 770; *see generally, People v Patterson,* 93 NY2d 80, 83-85). Evidence concerning the incident at the Embassy Suites motel was properly admitted in order to establish defendant's complicity in an ongoing common scheme or plan to cash stolen and forged checks (*see, People v Molineux,* 168 NY 264, 293-294; *People v May,* 162 AD2d 977, 978, *lv denied* 76 NY2d 861; *People v Rutman,* 260 App Div 784, 789). Moreover, it was properly admitted to show defendant's intent to defraud and knowledge of the stolen and forged character of the checks (*see, People v Alvino,* 71 NY2d 233, 243-244; *People v Dales,* 309 NY 97, 101-102; *People v Marrin,* 205 NY 275, 279-281; *People v Dolan,* 186 NY 4, 9-10) by explaining how defendant might have come to possess the checks (*see, People v Johnson,* 65 NY2d 556, 562, *rearg denied* 66 NY2d 759).

The evidence is legally sufficient to establish defendant's knowledge that the checks were forged (*see, People v Johnson, supra,* at 562-563; *People v Williams,* 271 AD2d 270; *People v Mariko,* 267 AD2d 113, *lv denied* 94 NY2d 950; *People v Williams,* 265 AD2d 826, *lv denied* 94 NY2d 868).

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Hayes, J. P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.