■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS C. WALLIS, Appellant. [806 NYS2d 760]—

Mugglin, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered March 19, 1999, upon a verdict convicting defendant of the crimes of rape in the first degree, rape in the third degree (two counts), sodomy in the first degree, sodomy in the third degree and endangering the welfare of a child.

Defendant began cohabiting with the victim's mother when the victim was four years old. The crimes for which he was convicted occurred during the time when the victim was 15 and 16 years of age. Defendant, while admitting to sexual activity with the victim, testified that it did not occur prior to her 17th birthday. Defendant was sentenced to a number of concurrent indeterminate sentences, the longest of which were $8^{1}/_{3}$ to 25 years, and to one consecutive sentence of $1^{1}/_{3}$ to 4 years for rape in the third degree. On appeal, defendant's counsel and defendant pro se claim that error occurred by reason of insufficiencies in the indictment, judicial bias, errors in jury selection, improper testimony, inadequate disclosure and erroneous evidentiary rulings. They also claim that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence, defendant received inadequate services of counsel and the sentences are harsh and excessive.

We begin with three issues not preserved for our review. The issue of the facial validity of the indictment was not preserved by pretrial motion (see People v Smith, 272 AD2d 713, 714 [2000], lv denied 95 NY2d 871 [2000]; People v Halpin, 261 AD2d 647, 647 [1999], lv denied 93 NY2d 971 [1999]). Next, the People concede that they improperly questioned defendant in a manner that required him to characterize certain prosecution witnesses as liars (see People v Gibson [Buchanan], 241 AD2d

772, 773 [1997], *lvs denied* 91 NY2d 870, 873 [1997]). Nevertheless, as no objection was made regarding this tactic, the issue is not preserved (*see* CPL 470.05 [2]; *People v Wilt*, 18 AD3d 971, 972-973 [2005]). Likewise, defendant's challenge to the rebuttal testimony has not been preserved for our review by objection or timely protest (*see* CPL 470.05 [2]; *People v Torres*, 199 AD2d 821, 822 [1993], *lv denied* 83 NY2d 915 [1994]).

Next, defendant's arguments concerning the sufficiency and weight of the evidence are primarily premised on the assertion that the victim and her mother were not credible and that defendant was. It is, of course, a jury function to determine the facts by, among other things, resolving credibility issues (*see People v Bradley*, 272 AD2d 635, 636 [2000]; *People v Knapp*, 272 AD2d 637, 638-639 [2000]). As its verdict discloses, the jury clearly resolved credibility issues against defendant. Our review of the record, in the light most favorable to the prosecution, discloses that there is sufficient evidence of every element of the crimes charged to satisfy any rational person in concluding beyond a reasonable doubt that the crimes were committed (*see People v Harper*, 75 NY2d 313, 316 [1990]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Zabala*, 290 AD2d 578, 580 [2002], *lv denied* 97 NY2d 735 [2002]). Moreover, the record reveals no basis upon which we could find that the victim's testimony was unworthy of belief as a matter of law (*see People v Wright*, 214 AD2d 759, 762 [1995], *lv denied* 86 NY2d 805 [1995]). Furthermore, viewing the evidence in a neutral light, and according due deference to the credibility determinations made by the jury (*see People v Bleakley, supra* at 495), we conclude that the verdict is not against the weight of the evidence (*see People v Valencia*, 263 AD2d 874, 876 [1999], *lv denied* 94 NY2d 799 [1999]).

Defendant's judicial bias argument arises from a prior Family Court proceeding during which the judge called defendant "scum" and a "predator." The record is clear, however, that the judge had no recollection of having done so until being shown the transcript. As this does not constitute a legal disqualification pursuant to Judiciary Law § 14, the judge's discretionary decision to refuse to recuse himself will only be disturbed in circumstances which indicate clear abuse (*see People v Moreno*, 70 NY2d 403, 405 [1987]; *People v Glanda*, 18 AD3d 956, 960 [2005]). We find no record support for the assertion that the trial judge abused his discretion in this regard.

Turning to the errors alleged to have occurred during trial, we first address jury selection. Defendant claims that his challenges for cause should have been granted with respect to one

juror who had experience with victims of sexual abuse and another juror whose daughter was the same approximate age as the victim. We find no merit to these arguments as both jurors gave unequivocal assurances that they could remain fair and impartial and render a verdict based solely on the evidence presented (*see People v Johnson*, 94 NY2d 600, 610 [2000]). Second, we find no error in allowing the People's expert psychologist to testify. The admissibility and extent of expert testimony is an issue to be resolved in the sound exercise of the trial court's discretion (*see People v Berry*, 5 AD3d 866, 867 [2004], *lv denied* 3 NY3d 637 [2004]; *People v Paro*, 283 AD2d 669, 670 [2001], *lv denied* 96 NY2d 922 [2001]), and " 'is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror' " (*People v Taylor*, 75 NY2d 277, 288 [1990], quoting *De Long v County of Erie*, 60 NY2d 296, 307 [1983]). In support of his claim of innocence, defendant emphasized throughout the trial that the victim had repeatedly taken the position that no improper sexual relationship had ever occurred between the two of them until the instant charges were filed, when the victim changed her mind and fabricated a story against him. In light of this theory, the People were entitled to have the psychiatrist articulate to the jury the psychological toll taken on victims of sexual abuse, as well as resulting behavioral patterns. Such testimony is relevant to counter the defense and because the subject is outside the scope of knowledge of the typical juror. Moreover, as County Court gave limiting instructions, it was not unduly prejudicial.

With respect to the trial evidentiary rulings, we find no error in County Court admitting into evidence a videotape of the victim, made by defendant, in which the victim performed various sexual acts on herself. As the tape was clearly relevant on the charge of endangering the welfare of a child and was not offered simply to arouse the emotions of the jury, its admission was not an abuse of discretion (*see People v Wemette*, 285 AD2d 729, 730 [2001], *lv denied* 97 NY2d 689 [2001]; *People v Garraway*, 187 AD2d 761, 762 [1992], *lv denied* 81 NY2d 886 [1993]). Moreover, we find no error in County Court's refusal to permit defendant to enter into evidence an audiotape made while the victim was being interviewed by the authorities as the alleged discrepancies between her story on the audiotape and her trial testimony were thoroughly disclosed to the jury during the victim's testimony.

Next, the record reveals that defense counsel was thoroughly prepared, exhaustively cross-examined all of the prosecution's

witnesses, made appropriate objections and motions and presented a cogent theory of defense and, therefore, we are unconvinced by defendant's contention that he received the ineffective assistance of counsel. We view counsel's performance as objectively reasonable and legitimate (*see People v Berroa*, 99 NY2d 134, 138 [2002]; *People v Benevento*, 91 NY2d 708, 712 [1998]), and defendant's current arguments as simply second-guessing the defense strategy (*see People v Satterfield*, 66 NY2d 796, 799 [1985]).

Finally, the sentences imposed are neither harsh nor excessive. Defendant demonstrates neither extraordinary circumstances nor an abuse of discretion which would warrant modification (*see People v Fernandez*, 7 AD3d 886, 887 [2004]; *People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]). Moreover, the sentences are appropriate in light of defendant's exploitation of the victim, his failure to accept responsibility for his actions and his failure to demonstrate any degree of remorse (*see People v Paige*, 289 AD2d 872, 874 [2001], *lv denied* 97 NY2d 759 [2002]).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.