■ Bridgette Belton, Respondent-Appellant, v Lal Chicken, Inc., et al., Appellants-Respondents. [31 NYS3d 465]—

Judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered February 5, 2015, awarding plaintiff, inter alia, the principal sum of $300,000 for emotional distress, and $20,000 for compensatory damages for constructive discharge, unanimously affirmed, without costs. Amended judgment, same court and Justice, entered August 20, 2015, awarding plaintiff the principal sum of $100,000, unanimously reversed, on the facts, without costs, and the amended judgment vacated. Appeals from order, same court and Justice, entered June 30, 2015, which granted in part and denied in part defendants' motion to set aside the jury verdict, unanimously dismissed, without costs, as subsumed in the appeal from the amended judgment.

Plaintiff adduced sufficient evidence to support the jury's verdict on her hostile work environment claim under the New York City Human Rights Law (City HRL) (Administrative Code of City of NY § 8-101 *et seq.*). She testified that she was subjected to unwanted touching and sexual advances for months by her supervisor, despite telling him that she was not interested. The jury credited her version of events and not the supervisor's claim of a consensual relationship. The videotape taken by plaintiff depicting the supervisor engaging in the complained-of behavior was properly admitted. Contrary to defendants' contentions, there is no requirement that a video recording have audio to be admissible (*see generally People v Patterson*, 93 NY2d 80, 84 [1999]; *People v Wemette*, 285 AD2d 729, 730-731 [3d Dept 2001], *lv denied* 97 NY2d 689 [2001]). There is also sufficient evidence to support plaintiff's claim of constructive termination as charged, and any claim of error in the charge is unpreserved (*see Barry v Manglass*, 55 NY2d 803 [1981]).

The trial court correctly declined to charge the jury on mitigation under the City HRL, since having an anti-harassment poster on the wall with managers' phone numbers, and mentioning the policy in management meetings, is insufficient evidence of a "meaningful" policy, as the statute requires (Administrative Code § 8-107 [13] [d] [1] [i]). Nor were defendants entitled to assert the *"Faragher-Ellerth"* affirmative defense (*see Faragher v Boca Raton*, 524 US 775 [1998]; *Burlington Industries, Inc. v Ellerth*, 524 US 742 [1998]), assuming that the issue is preserved, since that defense is unavailable in a City HRL claim (*Zakrzewska v New School*, 14 NY3d 469, 479-480 [2010]). Plaintiff did not assert a hostile work environment claim under any law other than the City HRL, nor was she required to do so.

Defendants failed to preserve their objection to the charges on loss of earnings and loss of enjoyment of life. In any event, sufficient evidence of plaintiff's damages was adduced to permit those claims to go to the jury. Plaintiff's counsel's arguments in closing concerning a time-unit measure of damages were improper. However, defendants failed to object, and in any event the comments do not warrant reversal of the jury verdict (*see Gregware v City of New York*, 132 AD3d 51, 61 [1st Dept 2015]). The jury was correctly charged on damages, and its verdict does not reflect counsel's suggestion.

The court correctly denied defendants Lal Chicken, Inc., Lal Chicken and Donuts Management, Inc., and Lalmir Sultanzada's motion to dismiss the action on the ground that only de-

fendant 145th Street Ice Cream, Inc. was plaintiff's employer. All defendants admitted being plaintiff's employer in their answer, and never moved to amend. In any event, amending the pleadings at the commencement of trial would be unduly prejudicial to plaintiff (*see De Fabio v Nadler Rental Serv.*, 27 AD2d 931, 931 [2d Dept 1967]).

We find, contrary to the trial court, that the jury verdict of $300,000 in damages for emotional distress was reasonable as was the award of $20,000 as compensatory damages for constructive discharge (*see* CPLR 5501 [c]; *Salemi v Gloria's Tribeca Inc.*, 115 AD3d 569, 570 [1st Dept 2014]; *Albunio v City of New York*, 67 AD3d 407 [1st Dept 2009], *affd* 16 NY3d 472 [2011]; *McIntyre v Manhattan Ford, Lincoln-Mercury*, 256 AD2d 269 [1st Dept 1998], *lv denied* 94 NY2d 753 [1999]; *Sogg v American Airlines*, 193 AD2d 153 [1st Dept 1993], *lv denied* 83 NY2d 754 [1994]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Webber, JJ.