■ The People of the State of New York, Respondent, v Carl L. Simcox, Appellant. [631 NYS2d 956] —Judgment unanimously affirmed. Memorandum: Defendant argues that County Court improperly denied his request for the appointment of an expert pursuant to County Law § 722-c and abused its discretion in denying his request for an adjournment of the trial. By entering a plea of guilty rather than going to trial, defendant forfeited all of his trial rights as well as the right to challenge on appeal any alleged trial errors *(see, People v Green,* 75 NY2d 902, 904, *cert denied* 498 US 860). The attempt by defendant to condition his plea upon the preservation of issues that do not otherwise survive a guilty plea is ineffective *(see, People v Campbell,* 73 NY2d 481, 486; *People v Fernandez,* 67 NY2d 686, 688; *People v Howe,* 56 NY2d 622, 624; *People v Thomas,* 53 NY2d 338; *People v Mack,* 53 NY2d 803, 806).

Defendant further argues that his suppression motion was improperly denied because the court's failure to authorize the appointment of an expert deprived him of his right to present a defense. At the time the *Huntley* hearing was held, the court had not decided defendant's request for the appointment of an expert; it had deferred decision until counsel filed an appropriate written request. Defendant did not request that the *Huntley*

hearing be postponed until determination of his request for the appointment of an expert. Thus, defendant failed to preserve his present argument for our review *(see,* CPL 470.05 [2]). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.— Felony Driving While Intoxicated.) Present—Pine, J. P., Lawton, Wesley, Callahan and Doerr, JJ.