■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL SAMPSON, Appellant. [735 NYS2d 283] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of burglary in the second degree (Penal Law § 140.25 [1]) arising from the murder of a store clerk during the commission of an attempted burglary at a convenience store. The crimes were videotaped by the store camera, and the enhanced likeness of the suspect was shown during local news broadcasts. Viewers who recognized defendant as the suspect included former co-workers of defendant from the same convenience store chain where he and the victim had been employed. By the time

of trial, defendant had changed his appearance; he was clean-shaven, had shorter hair, and had lost weight.

Defendant failed to preserve for our review his contentions that Supreme Court erred in permitting the identification testimony of civilian witnesses and in admitting the out-of-court identifications of defendant by those witnesses. In any event, those contentions lack merit. The court properly permitted those witnesses to identify defendant from the store videotape where, as here, "there [was] some basis for concluding that the witness[es were] more likely to correctly identify the defendant than [was] the jury" (*People v Morgan*, 214 AD2d 809, 810, *lv denied* 86 NY2d 783). Those identifications were particularly appropriate in view of the fact that defendant had changed his appearance after the crime was committed (*see, People v Russell*, 79 NY2d 1024, 1025). The witnesses' out-of-court identifications of defendant were also properly admitted (*see,* CPL 60.30; *People v Edmonson,* 75 NY2d 672, 676, *rearg denied* 76 NY2d 846).

Defendant also failed to preserve for our review his contention that the court erred in admitting his out-of-court statement when arrested (*see,* CPL 470.05 [2]). When defendant was arrested, he stated, "Damn, how did you guys find me." Although the prosecutor failed to comply with CPL 710.30 (1) and (2) by failing to notify defendant of his intent to use that statement at trial within 15 days of arraignment, he thereafter notified defendant prior to the commencement of trial of his intent to use the statement. Defendant failed at that time to seek suppression pursuant to CPL 710.30 (2), nor did he request a suppression hearing. We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant further contends that the court erred in permitting the jury to view the store videotape in the jury room during deliberations with the technical assistance of court officers. Defendant waived his contention by consenting to that procedure and, in any event, his contention lacks merit (*see, People v Bonaparte*, 78 NY2d 26, 30-31; *People v McPhatter*, 235 AD2d 233, *lv denied* 89 NY2d 1038). Nor did the court err in denying defendant's request for a circumstantial evidence charge where, as here, the evidence was both direct and circumstantial (*see, People v Geraci*, 85 NY2d 359, 371).

Finally, the verdict is not against the weight of the evidence. Defendant was identified by his former co-workers and others as the suspect in the store videotape, and a person matching his description was seen in the vicinity of the convenience store

just prior to the murder. Defendant, a former employee of the convenience store, had been banned from entering the store because of conflicts with the victim. When apprehended, defendant exclaimed, "Damn, how did you guys find me." It is the province of the jury to determine the reliability of identification testimony (*see, People v Castricone*, 198 AD2d 765), and it cannot be said here that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Murder, 2nd Degree.) Present—Hayes, J. P., Scudder, Burns, Gorski and Lawton, JJ.