THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL THOMAS THORN, Appellant. [747 NYS2d 839] —Appeal from a judgment of Seneca County Court (Bender, J.), entered September 12, 2000, convicting defendant upon his plea of guilty of, inter alia, manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20) and attempted manslaughter in the first degree (§§ 110.00, 125.20). Defendant entered his plea of guilty after trial had commenced on an indictment charging him with, inter alia, murder in the second degree (§ 125.25 [1]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]). We reject the contention of defendant that his waiver of the right to appeal is invalid because his plea was induced by a false promise that the sentence imposed on the second count might run concurrently to that imposed on the first count. There is no indication in the record of such a promise. The further contention of defendant that his waiver of the right to appeal is invalid because County Court failed to inquire into a possible defense is lacking in merit (see People v Lopez, 71 NY2d 662, 666-667). Although defendant initially denied firing a gun at the victim with the intent to cause serious physical injury, following a discussion off the record defendant stated that he had done so, and thus the court had no duty to make further inquiry.

Defendant consented to having the court inform the panel of prospective jurors that the trial was actually a retrial, and defense counsel stated that neither he nor defendant had any objection to the manner in which the court conveyed that information. Thus, defendant waived his present contention that he was denied his right to due process when the prospective jurors were advised that he was being retried based on an error in jury selection in the prior trial (see generally People v White, 53 NY2d 721, 723; People v Sampson, 289 AD2d 1022, 1023, lv denied 97 NY2d 733; see also People v Sanchez, 136 AD2d 751, 752, lv denied 75 NY2d 817, 77 NY2d 966). Defendant's challenge for cause pursuant to CPL 270.20 (1) (c) to a seated juror after the first witness was sworn was untimely (see 270.15 [4]), and the court did not abuse its discretion in denying defendant's motion for a mistrial on the ground that the juror "is related within the sixth degree by * * * affinity"

to the prosecutor (270.20 [1] [c]; *see generally People v Ortiz*, 54 NY2d 288, 292). The valid waiver by defendant of the right to appeal encompasses his contention that the court erred in denying his pre-plea recusal motion (*see People v Lanahan*, 276 AD2d 906, 909, *lv denied* 95 NY2d 965; *People v Morales*, 189 AD2d 700, 700-701, *lv denied* 81 NY2d 889; *People v Griffiths*, 155 AD2d 777, 779). Finally, the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to advise him of the sentence that the court was contemplating is based on matters outside the record and thus must be raised by way of a motion pursuant to CPL 440.10 (*see People v Robertson*, 286 AD2d 863, *lv denied* 97 NY2d 760). Present—Green, J.P., Hayes, Hurlbutt, Gorski and Lawton, JJ.