# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**292**

**KA 13-01227**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RYAN S. SMITH, DEFENDANT-APPELLANT.

---

PATRICIA M. MCGRATH, LOCKPORT, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered June 4, 2013. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree (five counts), robbery in the first degree (seven counts), kidnapping in the second degree (three counts), criminal use of a firearm in the first degree (two counts), assault in the first degree, assault in the second degree (two counts), criminal possession of a weapon in the second degree, menacing a police officer or peace officer, grand larceny in the third degree and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, five counts of burglary in the first degree (Penal Law § 140.30 [2] - [4]) and seven counts of robbery in the first degree (§ 160.15 [1], [3], [4]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256). There is no support in the record for defendant's contention that his waiver of the right to appeal was the result of coercion, "particularly considering [County C]ourt's thorough colloquy," the extensive consultations between defendant and defense counsel regarding the waiver, and defendant's affirmative statement that his agreement to the waiver was voluntary (*People v Hayes*, 71 AD3d 1187, 1188, *lv denied* 15 NY3d 852, *reconsideration denied* 15 NY3d 921, citing *People v Holman*, 89 NY2d 876, 878). Here, "[t]here was no effort to conceal error and defendant was fully aware of what the appealable issues were" (*Holman*, 89 NY2d at 878). In addition, defendant obtained a favorable bargain by waiving his right to appeal as a condition of his plea inasmuch as he significantly limited his sentencing exposure (*see People v Evans*, 59 AD3d 216, 216-217, *lv denied* 12 NY3d 816).

    "The valid waiver by defendant of the right to appeal encompasses his contention that the court erred in denying his pre-plea recusal motion" (*People v Thorn*, 298 AD2d 900, 901, *lv denied* 99 NY2d 540). Contrary to defendant's further contention, that waiver also encompasses his challenge to the court's order compelling him to provide a buccal swab for DNA analysis (*see generally Lopez*, 6 NY3d at 255; *People v Rodriguez*, 93 AD3d 1334, 1335, *lv denied* 19 NY3d 966) and, in any event, that challenge is forfeited by his plea of guilty (*see People v Tehoke*, 6 AD3d 1173, 1174; *see generally People v Hansen*, 95 NY2d 227, 230-232).

Entered:  April 29, 2016                        Frances E. Cafarell
                                                Clerk of the Court