People v Wilson (2018 NY Slip Op 03011)





People v Wilson


2018 NY Slip Op 03011


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


504 KA 15-00704

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TRIMAINE D. WILSON, ALSO KNOWN AS JOHN DOE, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 4, 2015. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [2] [b]), defendant contends that Supreme Court should have granted that part of defendant's omnibus motion seeking recusal on the ground that the justice presiding over the case had represented defendant in a prior criminal matter. Defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]), and the valid waiver encompasses his contention (see People v Smith, 138 AD3d 1415, 1416 [4th Dept 2016]). We note in any event that, contrary to defendant's contention, there is no per se recusal requirement based on a court's prior representation of a defendant (see People v Glynn, 21 NY3d 614, 618-619 [2013]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court