People v Graham (2019 NY Slip Op 06925)





People v Graham


2019 NY Slip Op 06925


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


842 KA 16-00190

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMAR A. GRAHAM, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered July 30, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the first degree and attempted kidnapping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]) and attempted kidnapping in the second degree (§§ 110.00, 135.20). Contrary to defendant's contention, the oral and written waivers of the right to appeal establish that defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Moore, 158 AD3d 1312, 1312 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; People v Cochran, 156 AD3d 1474, 1474 [4th Dept 2017], lv denied 30 NY3d 1114 [2018]). While we agree with defendant that the written waiver includes improperly overbroad language, it is well established that "[a]ny nonwaivable issues purportedly encompassed by the waiver are excluded from the scope of the waiver [and] the remainder of the waiver is valid and enforceable" (People v Weatherbee, 147 AD3d 1526, 1526 [4th Dept 2017], lv denied 29 NY3d 1038 [2017] [internal quotation marks omitted]). Defendant's valid waiver of the right to appeal forecloses his contentions that County Court erred in compelling him to submit to a buccal swab for DNA analysis and in failing to adjourn the trial (see People v Smith, 138 AD3d 1415, 1416 [4th Dept 2016]; see generally People v Watt, 82 AD3d 912, 912 [2d Dept 2011], lv denied 16 NY3d 900 [2011]). Furthermore, those contentions are also forfeited by his plea of guilty (see People v King, 155 AD3d 1574, 1574 [4th Dept 2017], lv denied 30 NY3d 1106 [2018]; Smith, 138 AD3d at 1416; People v Simcox, 219 AD2d 869, 869 [4th Dept 1995]).
Although a valid waiver of the right to appeal does not preclude defendant's challenge to the voluntariness of his plea, defendant failed to preserve that challenge for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction (see People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; People v Cruz, 81 AD3d 1300, 1301 [4th Dept 2011], lv denied 17 NY3d 793 [2011]), and the "narrow, rare case' exception to the preservation doctrine" does not apply here (People v Toxey, 86 NY2d 725, 726 [1995], rearg denied 86 NY2d 839 [1995]; see generally People v Hansen, 95 NY2d 227, 230-232 [2000]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court