People v Vandusen (2025 NY Slip Op 00750)

People v Vandusen

2025 NY Slip Op 00750

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, OGDEN, NOWAK, AND HANNAH, JJ.

70 KA 23-01454

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS S. VANDUSEN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTINE K. CALLANAN, ACTING DISTRICT ATTORNEY, LYONS (CATHERINE A. MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered August 14, 2023. The judgment convicted defendant, upon his plea of guilty, of aggravated family offense and assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of aggravated family offense (Penal Law § 240.75 [1]) and assault in the third degree (§ 120.00 [1]). In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty in the same plea proceeding, of robbery in the third degree (§ 160.05). We affirm in both appeals.
Contrary to defendant's contention in each appeal, the record establishes that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Williams, 228 AD3d 1316, 1316 [4th Dept 2024], lv denied 42 NY3d 972 [2024], reconsideration denied 42 NY3d 1055 [2024]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]). County Court's oral colloquy did not, as asserted by defendant, mischaracterize the appeal waiver as "an absolute bar to the taking of a first-tier direct appeal" (Thomas, 34 NY3d at 558; see People v Figueroa, 230 AD3d 1581, 1582 [4th Dept 2024]). Although the written waiver forms executed by defendant incorrectly portray the waiver as an absolute bar to the taking of an appeal (see generally Thomas, 34 NY3d at 564-567), "the oral colloquy, which followed the appropriate model colloquy, cured that defect" (Williams, 228 AD3d at 1317 [internal quotation marks omitted]; see generally Thomas, 34 NY3d at 563). Defendant's assertion that the appeal waiver was added to the terms of the plea agreement as an "afterthought" is belied by the record, which establishes that, before defendant pleaded guilty, the court repeatedly mentioned that the waiver would be a condition of the plea agreement (see People v Love, 179 AD3d 1541, 1542 [4th Dept 2020], lv denied 35 NY3d 994 [2020]; People v Rohadfox, 175 AD3d 1813, 1814 [4th Dept 2019], lv denied 34 NY3d 1019 [2019]).
Defendant contends in each appeal that the court erred in proceeding with a suppression hearing without granting his request to substitute assigned counsel or, alternatively, to proceed pro se after an appropriate inquiry. Defendant does not, however, assert that those alleged errors affected the voluntariness of the plea, which he sought during an appearance after the suppression hearing and which he entered following thorough discussions with the court (see Rohadfox, 175 AD3d at 1815; People v Richardson, 173 AD3d 1859, 1860 [4th Dept 2019], lv denied 34 NY3d 953 [2019], reconsideration denied 34 NY3d 1081 [2019]). Moreover, any such assertion is not supported by the record (see Rohadfox, 175 AD3d at 1815). Thus, our [*2]review of defendant's contention is precluded by the valid waiver of the right to appeal (see id.; Richardson, 173 AD3d at 1860).
Defendant's further contention in each appeal that the court erred in denying his preplea recusal motion is likewise encompassed by the valid waiver of the right to appeal (see People v Wilson, 160 AD3d 1469, 1470 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]; People v Smith, 138 AD3d 1415, 1416 [4th Dept 2016]; People v Thorn, 298 AD2d 900, 901 [4th Dept 2002], lv denied 99 NY2d 540 [2002]).
Finally, inasmuch as the court advised defendant prior to his appeal waiver of the maximum sentence that could be imposed upon a violation of the plea agreement, the appeal waiver encompasses his contention in each appeal that the enhanced sentence is unduly harsh and severe (see People v Brown, 229 AD3d 1150, 1151 [4th Dept 2024]; People v Ney, 229 AD3d 1251, 1253 [4th Dept 2024], lv denied 42 NY3d 1021 [2024]; People v May, 169 AD3d 1365, 1365 [4th Dept 2019]).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court