■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DONALDSON, Also Known as DAVID THOMPSON, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a conviction of burglary in the third degree and criminal mischief in the third degree, defendant contends that he was deprived of his constitutional and statutory rights to a

speedy trial and that the court erred in failing to conduct a hearing on those contentions. The court did not err in failing to conduct a hearing on defendant's contention, raised for the first time on appeal, that he was denied his constitutional right to a speedy trial. Assuming that such contention was not waived by defendant's failure to include it in his motion papers, we nonetheless conclude, based upon our consideration of the five factors enumerated in *People v Taranovich* (37 NY2d 442, 445), that defendant was not denied his constitutional right to a speedy trial. The delay was largely attributable to defendant's failure to appear at arraignment, his giving a false name at the time of his arrest, and his continued use of that alias throughout this prosecution. Defendant was incarcerated only overnight following his arrest, and the record does not support defendant's contention that he was prejudiced by the delay.

The court did not err in summarily determining that defendant was not deprived of his statutory right to a speedy trial. CPL 210.45 (5) (a) provides that the court may deny a speedy trial motion without a hearing if the moving papers do not allege any ground constituting a legal basis for the motion. Defendant's motion papers failed to assert a legal basis for dismissal of the indictment on the grounds of either prereadiness or postreadiness delay. The motion papers omitted any allegation concerning when the People declared readiness, and also failed to allege that the People were in fact not ready following their declaration of readiness. With respect to the merits of the CPL 30.30 contention, the People declared their readiness on the record and informed defendant of that fact within six months of the commencement of the criminal proceeding (CPL 30.30 [1] [a]). Thus, there is no basis for defendant's contention of prereadiness delay. Moreover, where postreadiness delay results directly from action taken by the defendant or is due to other "exceptional circumstances" *(People v Anderson,* 66 NY2d 529, 537; CPL 30.30 [4]), such delay is excusable and will not result in dismissal. Here, the postreadiness delay was mostly the fault of defendant. (Appeal from judgment of Onondaga County Court, Cunningham, J.— burglary, third degree.) Present—Callahan, J. P., Denman, Pine, Balio and Davis, JJ.