■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT H. WILLIAMS, Appellant. [879 NYS2d 264]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered November 6, 2003. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [former (a)]), defendant contends that he was denied his right to a fair trial because the prosecutor knowingly elicited testimony from the victim that was false and misleading. Defendant failed to preserve that contention for our review (see People v Cooper, 219 AD2d 426, 433 [1996], affd 90 NY2d 292 [1997]; People v Jordan, 181 AD2d 745, 746-747 [1992], lv denied 80 NY2d 833 [1992]) and, in any event, that contention lacks merit. Although we agree with defendant that a prosecutor has a duty to correct trial testimony if he or she knows that it is false (see People v Savvides, 1 NY2d 554, 556-557 [1956]; People v Hendricks, 2 AD3d 1450 [2003], lv denied 2 NY3d 762 [2004]), we conclude that the prosecutor here did not in fact elicit false testimony from the victim. We reject the further contention of defendant that Supreme Court erred in refusing to allow him to cross-examine the victim with respect to her sexual history pursuant to the Rape Shield Law (see CPL 60.42). " 'Evidence of the victim's . . . sexual conduct did not fall within any of the exceptions set forth in CPL 60.42 (1) through (4)' " (People v Wright, 37 AD3d 1142 [2007], lv denied 8 NY3d 951 [2007]), and we cannot say that the court abused its discretion in refusing to apply the exception set forth in CPL 60.42 (5) (see People v White, 261 AD2d 653, 655-656 [1999], lv denied 93 NY2d 1029 [1999]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.