■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME PERRY, Appellant. [877 NYS2d 726]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered September 4, 2007. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and criminal possession of stolen property in the fifth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20) and criminal possession of stolen property in the fifth degree (§ 165.40). Defendant failed to preserve for our review his contention that County Court erred in admitting at trial the testimony of a police officer that bolstered the identifications of defendant by the victim and a witness (*see People v Cala*, 50 AD3d 1581 [2008], *lv denied* 10 NY3d 957 [2008]; *People v Mattis*, 46 AD3d 929, 931 [2007]). In any event, that contention is without merit inasmuch as the testimony provided a narrative of the events that led to defendant's arrest (*see People v Mendoza*, 35 AD3d 507 [2006], *lv denied* 8 NY3d 987 [2007]; *People v Smalls*, 293 AD2d 500, 501 [2002], *lv denied* 98 NY2d 681 [2002]). We reject the further contention of defendant that he was denied the right to effective assistance of counsel based on the failure of defense counsel to object to the officer's testimony and to renew his motion for a trial order of dismissal. As noted, the officer's testimony was properly admitted in evidence, and we further note that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The "failure to make [an objection or] a motion . . . that has little or no chance of success" does not constitute ineffective assistance of counsel (*People v Dashnaw*, 37 AD3d 860, 863 [2007], *lv denied* 8 NY3d 945 [2007] [internal quotation marks omitted]). Viewing defense counsel's representation as a whole, we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Scudder, P.J., Smith, Fahey, Carni and Pine, JJ.