# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

876

KA 12-02196

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

PAUL W. GOODRELL, DEFENDANT-APPELLANT.

---

WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C., AUBURN (MARIO J. GUTIERREZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN T. LEEDS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered August 7, 2012. The judgment convicted defendant, upon a jury verdict, of endangering the welfare of a child (two counts), public lewdness (two counts) and burglary in the third degree as a sexually motivated felony (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences imposed on each count of burglary in the third degree as a sexually motivated felony shall run concurrently with respect to each other and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts each of endangering the welfare of a child (Penal Law § 260.10 [1]), public lewdness (§ 245.00), and burglary in the third degree as a sexually motivated felony (§§ 130.91 [1]; 140.20). We reject defendant's contention that County Court erred in denying his motion to sever inasmuch as the offenses "were part of a single continuing incident and were thus properly joinable pursuant to CPL 200.20 (2) (a)" (*People v Lee*, 275 AD2d 995, 997, *lv denied* 95 NY2d 966). In addition, "[t]he offenses were properly joined because they involved incidents in which proof with respect to one crime would be material and admissible as evidence[-]in[-]chief in a trial with respect to the other crimes" (*People v McAvoy*, 70 AD3d 1467, 1467, *lv denied* 14 NY3d 890; *see* CPL 200.20 [2] [b]). Inasmuch as "the offenses were properly joinable under CPL 200.20 (2) (a) or (b), discretionary severance was not available" (*Lee*, 275 AD2d at 997; *see* CPL 200.20 [3]; *People v Lane*, 56 NY2d 1, 7).

We reject defendant's further contention that the court erred in refusing to suppress the identification testimony of a middle school

custodian.  Contrary to defendant's contention, the photo array used in the pretrial identification procedure was not unduly suggestive. "There is no requirement that the photograph of a defendant shown as part of a photo array be surrounded by photographs of individuals nearly identical in appearance" (*People v Starks*, 91 AD3d 975, 975, *lv denied* 18 NY3d 998), and, here, we conclude that the alleged variations in appearance between defendant and the other persons depicted in the photo array were "not sufficient to create a substantial likelihood that the defendant would be singled out for identification" (*People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833; *see People v Hicks*, 110 AD3d 1488, 1489, *lv denied* 22 NY3d 1156; *People v Davis*, 15 AD3d 930, 931, *lv denied* 5 NY3d 761).  Defendant's further contention that the court erred in failing to suppress the prospective in-court identification testimony of one of the victims is moot, inasmuch as that victim did not identify defendant at trial (*see People v Townsley*, 240 AD2d 955, 957, *lv denied* 90 NY2d 943, *reconsideration denied* 90 NY2d 1014).

We reject defendant's contention that he was unduly prejudiced by the court's *Molineux* ruling.  Here, the evidence of uncharged crimes and prior bad acts was properly admitted in evidence to demonstrate defendant's motive, intent and identity (*see generally People v Molineux*, 168 NY 264, 293-294; *People v Wemette*, 285 AD2d 729, 731, *lv denied* 97 NY2d 689), and its probative value was not outweighed by its prejudicial effect (*see Wemette*, 285 AD2d at 731).  We note, moreover, that "the court's limiting instruction minimized any prejudice to defendant" (*People v Washington*, 122 AD3d 1406, 1408).  Even assuming, arguendo, that the court erred in admitting the testimony of a victim of a prior incident who was unable to provide an in-court identification of defendant, we conclude that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

Contrary to defendant's contention, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to support the conviction of both counts of public lewdness (*see Matter of Jeffrey V.*, 185 AD2d 241, 241-242; *Matter of Paul R.*, 131 AD2d 764, 764-765).  We further conclude that, viewing the evidence in light of the elements of all of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see People v Judware*, 75 AD3d 841, 845, *lv denied* 15 NY3d 853; *see generally People v Bleakley*, 69 NY2d 490, 495).  We agree with defendant, however, that the sentence is unduly harsh and severe under the circumstances of this case, and we therefore modify the judgment as a matter of discretion in the interest of justice by directing that the sentences imposed on each count of burglary in the third degree as a sexually motivated felony shall run concurrently with respect to each other (*see* CPL 470.15 [6] [b]).

Entered:  July 2, 2015                          Frances E. Cafarell
                                                Clerk of the Court