THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM T. REED, Appellant. [57 NYS3d 311]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered July 22, 2014. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of robbery in the first degree (Penal Law § 160.15 [3], [4]), arising from an incident in which the victim was beaten and robbed at gunpoint of cash and drugs. Contrary to defendant's contention, Supreme Court properly denied his motion to dismiss the indictment on speedy trial grounds, without a hearing, because defendant failed to meet his initial burden on the motion. It is well settled that "[a] defendant seeking a speedy trial dismissal pursuant to CPL 30.30 meets his or her initial burden on the motion simply by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period" (People v Goode, 87 NY2d 1045, 1047 [1996] [internal quotation marks omitted]; see People v Beasley, 16 NY3d 289, 292 [2011]). Here, defendant alleged only that six months had passed after the action was commenced, without stating whether the People had announced their readiness for trial. Thus, "[d]efendant's motion papers failed to assert a legal basis for dismissal of the indictment on the grounds of either prereadiness or postreadiness delay. The motion papers omitted any allegation concerning when the People declared readiness, and also failed to allege that the People were in fact not ready following their declaration of readiness" (People v Donaldson, 156 AD2d 988, 989 [1989]; see generally People v Lomax, 50 NY2d 351, 357-358 [1980]).

Defendant contends that he was denied effective assistance of counsel by defense counsel's failure to make an adequate speedy trial motion (see CPL 30.30 [1] [a]). "The record on appeal is inadequate to enable us to determine whether such a motion would have been successful and whether defense counsel's failure to make that motion deprived defendant of

meaningful representation . . . , and thus defendant's contention is appropriately raised by way of a motion pursuant to CPL article 440" (*People v Youngs*, 101 AD3d 1589, 1589 [2012], *lv denied* 20 NY3d 1105 [2013]; *see People v Olsen*, 126 AD3d 515, 516 [2015], *lv denied* 26 NY3d 1111 [2016]).

We reject defendant's further contention that he was denied effective assistance of counsel owing to a series of additional alleged errors by defense counsel. Defendant's claim that he was deprived of effective assistance of counsel because defense counsel failed to object to inferential bolstering by a police investigator is without merit. It is well settled that the failure to make an objection that has "little or no chance of success" does not constitute ineffective assistance of counsel (*People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]). Here, the testimony at issue, i.e., a police investigator's testimony that the victim identified defendant as the perpetrator of the crime, "did not constitute improper bolstering inasmuch as it was offered for the relevant, nonhearsay purpose of explaining the investigative process and completing the narrative of events leading to . . . defendant's arrest" (*People v Wragg*, 115 AD3d 1281, 1282 [2014], *affd* 26 NY3d 403 [2015] [internal quotation marks omitted]; *see People v Perry*, 62 AD3d 1260, 1261 [2009], *lv denied* 12 NY3d 919 [2009]), and thus defense counsel was not ineffective for not objecting to it. In any event, even assuming, arguendo, that the testimony constituted inferential bolstering, we note that defense counsel "may have had a strategic reason for failing to [object to such testimony] inasmuch as he may not have wished to draw further attention to [such testimony]" (*People v Williams*, 107 AD3d 1516, 1517 [2013], *lv denied* 21 NY3d 1047 [2013]; *see Wragg*, 115 AD3d at 1282). We therefore conclude that defendant failed to meet his burden of demonstrating the absence of a strategic or other legitimate explanation for defense counsel's alleged error (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

Similarly, we reject defendant's claim that he was deprived of effective assistance of counsel because defense counsel failed to object to alleged prosecutorial misconduct on summation. Even assuming, arguendo, that the prosecutor committed misconduct on summation, we conclude that, inasmuch as any such misconduct was "not so egregious as to deprive defendant of a fair trial, defense counsel's failure to object thereto did not deprive defendant of effective assistance of counsel" (*People v Lewis*, 140 AD3d 1593, 1595 [2016], *lv denied* 28 NY3d 1029 [2016]; *see People v Henley*, 145 AD3d 1578, 1580 [2016], *lv*

*denied* 29 NY3d 998 [2017]). With respect to defendant's remaining claims of ineffective assistance of counsel, we conclude that they lack merit and that defendant was afforded "meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]).

Defendant failed to preserve for our review his contentions that he was denied the right to a fair trial when the prosecutor knowingly elicited false and misleading testimony from a police investigator with respect to a benefit that the victim would receive in exchange for the victim's truthful testimony against defendant, and that the court erred in admitting that testimony (*see People v Williams*, 61 AD3d 1383, 1383 [2009], *lv denied* 13 NY3d 751 [2009]; *People v Hendricks*, 2 AD3d 1450, 1451 [2003], *lv denied* 2 NY3d 762 [2004]). In any event, "[a]lthough a prosecutor has a duty to correct trial testimony if he or she knows that it is false" (*People v Mulligan*, 118 AD3d 1372, 1374 [2014] [internal quotation marks omitted], *lv denied* 25 NY3d 1075 [2015]; *see People v Savvides*, 1 NY2d 554, 556-557 [1956]), defendant failed to establish that the police investigator gave false or misleading testimony. Furthermore, even assuming, arguendo, that the court erred in allowing the police investigator to testify regarding the reasons why he did not charge the victim with a crime, we conclude that such "erroneous admission is harmless error because the [testimony] was neither incriminating nor prejudicial" (*People v Crenshaw*, 278 AD2d 897, 897 [2000], *lv denied* 96 NY2d 799 [2001], *denied upon reconsideration* 96 NY2d 900 [2001]).

We reject defendant's contention that the court erred in permitting the prosecutor to introduce evidence of uncharged crimes, i.e., defendant's prior drug dealings with the victim. "Evidence of defendant's extensive involvement in the drug trade was highly probative of motive, was inextricably interwoven with the narrative of events and was necessary background to explain [defendant's] relationship with the victim" (*People v Chebere*, 292 AD2d 323, 324 [2002], *lv denied* 98 NY2d 673 [2002]; *see People v Burnell*, 89 AD3d 1118, 1120-1121 [2011], *lv denied* 18 NY3d 922 [2012]; *People v Woods*, 72 AD3d 1563, 1564 [2010], *lv denied* 15 NY3d 811 [2010]). Furthermore, " 'any prejudice to defendant was minimized by [the court's] limiting instructions' " (*People v Carson*, 4 AD3d 805, 806 [2004], *lv denied* 2 NY3d 797 [2004]; *see People v Mitchell*, 144 AD3d 1598, 1599 [2016]).

Defendant further contends that the court erred in refusing to suppress evidence seized from the victim's apartment, where defendant had been staying. That contention is without merit.

"It is well established that the police need not procure a warrant in order to conduct a lawful search when they have obtained the voluntary consent of a party possessing the requisite authority or control over the premises or property to be inspected" (*People v Adams*, 53 NY2d 1, 8 [1981], *rearg denied* 54 NY2d 832 [1981], *cert denied* 454 US 854 [1981]; *see People v Holley*, 148 AD3d 1605, 1605 [2017]). It is equally "well settled that consent may be inferred from an individual's words, gestures, or conduct" (*United States v Buettner-Janusch*, 646 F2d 759, 764 [1981], *cert denied* 454 US 830 [1981]; *see People v Bunce*, 141 AD3d 536, 537 [2016], *lv denied* 28 NY3d 969 [2016]; *People v Gonzalez*, 222 AD2d 453, 453 [1995]). Here, based on the evidence adduced at the hearing, the court properly concluded that the victim implicitly consented to the officers' entry into his apartment.

Contrary to defendant's further contention, the weight of the evidence supports the jury's conclusion that the People established "[t]he 'taking' element of [robbery] . . . 'by . . . showing that [defendant] exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights' " (*People v Hardy*, 26 NY3d 245, 250 [2015], quoting *People v Jennings*, 69 NY2d 103, 118 [1986]). Thus, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Lindley, DeJoseph, NeMoyer and Curran, JJ.