People v Cormack (2019 NY Slip Op 02210)





People v Cormack


2019 NY Slip Op 02210


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


141 KA 16-01937

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISAIAH S. CORMACK, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
ISAIAH S. CORMACK, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (COLIN X. FITZGERALD OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered October 13, 2016. The judgment convicted defendant, upon a nonjury verdict, of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of assault in the first degree (Penal Law
§ 120.10 [1]). The charge arose after the victim, who had been in a relationship with defendant's wife, was shot and injured during a house party.
We reject defendant's contention in his main and pro se supplemental briefs that the evidence is legally insufficient to support the conviction. " It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People' " (People v Clark, 142 AD3d 1339, 1340 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]). Here, the fact that none of the witnesses testified as to seeing defendant fire the shot that injured the victim " does not render the evidence legally insufficient, inasmuch as there was ample circumstantial evidence establishing defendant's identity as the shooter' " (id. at 1341). Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention in his main and pro se supplemental briefs that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant also contends in his main and pro se supplemental briefs that the verdict is repugnant because County Court acquitted him of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) but convicted him of assault in the first degree
(§ 120.10 [1]). We reject that contention inasmuch as his acquittal of the weapon charge did not necessarily negate an essential element of the assault charge (see People v DeLee, 24 NY3d 603, 608 [2014], rearg denied 31 NY3d 1127 [2018]; People v Muhammad, 17 NY3d 532, 539-540 [2011]; People v James, 249 AD2d 919, 919 [4th Dept 1998], lv denied 92 NY2d 899 [1998]).
Defendant's additional contention in his pro se supplemental brief that the court erred in failing to hold an independent source hearing with respect to a witness's pretrial identification of him from a photo array is moot inasmuch as that witness did not identify defendant at trial (see People v Goodrell, 130 AD3d 1502, 1503 [4th Dept 2015]). Contrary to defendant's contention in his pro se supplemental brief, we conclude that defendant received meaningful representation [*2](see People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, we reject defendant's contention in his main brief that the sentence is unduly harsh and severe.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court