People v King (2020 NY Slip Op 01811)





People v King


2020 NY Slip Op 01811


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1083 KA 15-01989

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERRY L. KING, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (J. SCOTT PORTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered June 22, 2015. The judgment convicted defendant upon a jury verdict of burglary in the third degree and public lewdness. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law
§ 140.20) and public lewdness (§ 245.00). Defendant was previously tried on the same charges, but Supreme Court granted his motion to set aside the jury verdict following his first trial due to erroneous jury instructions. We affirm.
Defendant contends that the evidence at the first trial was not legally sufficient to establish his intent at the time he entered the building and that the entry was unlawful. As the People correctly concede, we may review the sufficiency of the evidence at defendant's first trial inasmuch as the Double Jeopardy Clauses of the State and Federal Constitutions preclude a second trial if the evidence from the first trial is determined by the reviewing court to be legally insufficient (see Burks v United States, 437 US 1, 18 [1978]; Matter of Suarez v Byrne, 10 NY3d 523, 532-533 [2008], rearg denied 11 NY3d 753 [2008]; see generally People v Scerbo, 74 AD3d 1730, 1731 [4th Dept 2010], lv denied 15 NY3d 757 [2010]). After conducting such a review, however, we reject defendant's contention.
A conviction is supported by legally sufficient evidence "when, viewing the facts in [the] light most favorable to the People, there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (People v Danielson, 9 NY3d 342, 349 [2007]; see People v Bleakley, 69 NY2d 490, 495 [1987]). Here, defendant was charged with burglary in the third degree for allegedly entering a library building on a college campus with the intent to commit a crime therein. The People concede that their bill of particulars alleged that defendant intended to commit the crime of public lewdness at the time he unlawfully entered the building at issue. Because defendant "has a fundamental and nonwaivable right to be tried only on the crimes charged . . . [and] because the People specifically narrowed their theory of [the crime] in the bill of particulars, [the court] was obliged to hold the prosecution to this narrower theory alone" (People v Bradley, 154 AD3d 1279, 1280 [4th Dept 2017] [internal quotation marks omitted]; see People v Barnes, 50 NY2d 375, 379 n 3 [1980]). Thus, the People were required to establish that defendant entered the building unlawfully and that he intended to commit the crime of public lewdness at the time of his unlawful entry.
It is well settled that a defendant's intent to commit a crime "may be inferred from the circumstances of the entry" (People v Gaines, 74 NY2d 358, 362 n 1 [1989]). Furthermore, "the [*2]jury was entitled to infer [defendant']s intent to commit a crime while unlawfully in the [building] based upon[, inter alia,] his other actions while inside the [building]" (People v Rivera, 41 AD3d 1237, 1238 [4th Dept 2007], lv denied 10 NY3d 939 [2008]; see People v Garcia, 17 AD3d 283, 283 [1st Dept 2005], lv denied 5 NY3d 789 [2005]), "as well as from defendant's actions and assertions when confronted" (People v Maier, 140 AD3d 1603, 1603-1604 [4th Dept 2016], lv denied 28 NY3d 933 [2016] [internal quotation marks omitted]; see People v Mercado-Ramos, 161 AD3d 1516, 1516 [4th Dept 2018], lv denied 31 NY3d 1150 [2018]; People v Pendarvis, 143 AD3d 1275, 1275 [4th Dept 2016], lv denied 28 NY3d 1149 [2017]).
Here, the evidence at the first trial, viewed in the light most favorable to the People, established that defendant "knew he had been barred from entering the premises" (People v Shakur, 110 AD3d 513, 514 [1st Dept 2013], lv denied 22 NY3d 1043 [2013]) and, indeed, that he was banned from the entire college campus. He nevertheless was inside a library building on the campus. Thus, we conclude that the evidence is legally sufficient to establish that defendant unlawfully entered the building (see People v Magnuson, 177 AD3d 1089, 1091 [3d Dept 2019]). Further, there is circumstantial evidence that defendant removed a pair of sweatpants after he entered the library, so that when the victim first observed him he was wearing only shorts despite the fact that it was snowing outside at the time. In addition, the People submitted evidence from which the jury could have concluded that defendant then spent more than 40 minutes surreptitiously observing the victim from several concealed or obscured areas as she studied in a secluded part of the library, occasionally moving to a different vantage point or repositioning furniture in the library to afford himself a better view of her. He eventually took a seated position on a stool a few feet from her location, exposed his penis, and began masturbating. When she turned and observed his actions, he immediately apologized, put on his sweatpants, and fled the building. We conclude that the evidence is also legally sufficient to establish that defendant intended to commit the crime of public lewdness at the time he unlawfully entered the building (see generally People v Beaty, 89 AD3d 1414, 1416-1417 [4th Dept 2011], affd 22 NY3d 918 [2013]; People v Stetin, 167 AD3d 1245, 1248-1249 [3d Dept 2018], lv denied 32 NY3d 1178 [2019]).
Contrary to defendant's further contention, the court did not abuse its discretion in the Molineux ruling it issued prior to the second trial. The evidence of defendant's prior uncharged crimes and prior bad acts was properly admitted in evidence to establish his motive, intent, and identity (see People v Wemette, 285 AD2d 729, 731 [3d Dept 2001], lv denied 97 NY2d 689 [2001]; see generally People v Molineux, 168 NY 264, 293-294 [1901]), and the evidence established that defendant previously committed "crimes so unique that the mere proof that the defendant had committed [them was] highly probative of the fact that he committed the one charged" (People v Condon, 26 NY2d 139, 144 [1970]; see People v Allweiss, 48 NY2d 40, 45-49 [1979]; People v Bonner, 94 AD3d 1500, 1501 [4th Dept 2012], lv denied 19 NY3d 1101 [2012], reconsideration denied 20 NY3d 1059 [2013]). In addition, the prejudicial effect of the evidence did not outweigh its probative value (see People v Goodrell, 130 AD3d 1502, 1503 [4th Dept 2015]; Wemette, 285 AD2d at 731), and the court provided several "limiting instruction[s that] minimized any prejudice to defendant" (People v Washington, 122 AD3d 1406, 1408 [4th Dept 2014], lv denied 25 NY3d 1173 [2015]; see Goodrell, 130 AD3d at 1503). Defendant failed to preserve for our review his further contention that the prosecutor elicited testimony that exceeded the court's Molineux ruling (see People v Bastian, 83 AD3d 1468, 1469 [4th Dept 2011], lv denied 17 NY3d 813 [2011]; People v Sabb, 11 AD3d 350, 351 [1st Dept 2004], lv denied 4 NY3d 748 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court