People v Alligood (2021 NY Slip Op 01628)





People v Alligood


2021 NY Slip Op 01628


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


823 KA 17-00271

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID ALLIGOOD, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered June 23, 2016. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentence imposed on count three of the indictment shall run concurrently with the sentence imposed on count one of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]) stemming from the shooting of a patron at a bar in Rochester.
Defendant's contention that the evidence supporting his conviction is legally insufficient is preserved only with respect to the murder count. Regarding that count, defendant contends that the evidence is legally insufficient to establish that he perpetrated the shooting or that, in doing so, he intended to kill the victim. We reject that contention. "Viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference" (People v Bay, 67 NY2d 787, 788 [1986]), we conclude that the evidence is legally sufficient to support the murder conviction (see People v Cross, 174 AD3d 1311, 1314 [4th Dept 2019], lv denied 34 NY3d 950 [2019]). Here, at trial, defendant identified himself in surveillance footage taken prior to the shooting as an individual wearing a red hat and a red shirt, which was the same clothing that the shooter was depicted wearing on video footage of the shooting. Additionally, multiple witnesses testified to observing defendant engage in a confrontation that night, one witness was able to identify as the shooter an individual matching defendant's description, and defendant was apprehended shortly after the shooting wearing the aforementioned clothing. Moreover, a DNA profile taken from the barrel of a handgun found in a nearby hedgerow just after the shooting matched defendant's DNA profile.
Further, "[i]t is well established that a defendant's [i]ntent to kill may be inferred from [his] conduct as well as the circumstances surrounding the crime . . . , and that a jury is entitled to infer that a defendant intended the natural and probable consequences of his acts" (People v Hough, 151 AD3d 1591, 1593 [4th Dept 2017], lv denied 30 NY3d 950 [2017] [internal quotation marks omitted]). Here, defendant shot the victim six times, with at least one of the shots being fired at close range when the victim was already on the floor.
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [*2][1987]).
We reject defendant's further contention that the jury rendered a repugnant verdict. Here, the court clerk, who elicited the verdict from the jury, asked the jury how it found with respect to the first count, i.e., murder in the second degree, and the foreman responded, "Guilty." Then the court clerk asked, "[a]s to the second count in the indictment, manslaughter in the first degree, how do you find?" and the foreperson began to respond "Guilt - -." County Court interrupted the foreperson and corrected the court clerk's error stating, "I'm sorry. That's a lesser-included charge, so I am going to ask you to go on to Count 2. That would be criminal possession of a weapon." The foreperson thereafter announced the jury's verdict of guilty on the two counts of criminal possession of a weapon in the second degree. Moreover, after the verdict had been fully rendered, the court individually polled the jury to ensure the accuracy of its verdict, which did not include a finding of guilt with respect to manslaughter in the first degree. Thus, contrary to defendant's assertion, the record establishes that the court clerk merely misspoke, the error was immediately corrected, and no jury verdict was rendered on manslaughter in the first degree (see generally People v Lynch, 81 AD3d 1292, 1292-1293 [4th Dept 2011], lv denied 17 NY3d 807 [2011]; People v Rodriguez, 276 AD2d 326, 327 [1st Dept 2000], lv denied 96 NY2d 738 [2001]). We therefore conclude that the basis for defendant's claim of repugnancy is belied by the record.
We agree with defendant, however, that the court erred in directing that the sentence imposed on count three of the indictment, charging criminal possession of a weapon in the second degree under Penal Law § 265.03 (3), run consecutively to the sentence imposed on count one, i.e., murder in the second degree. The People had the burden of establishing that the consecutive sentences were legal, i.e., that the crimes were committed through separate acts or omissions (see People v Rodriguez, 25 NY3d 238, 244 [2015]; see generally Penal Law § 70.25 [2]), and they failed to meet that burden. The People failed to present evidence at trial that defendant's act of possessing the loaded firearm "was separate and distinct from" his act of shooting the victim (People v Harris, 115 AD3d 761, 763 [2d Dept 2014], lv denied 23 NY3d 1062 [2014], reconsideration denied 24 NY3d 1084 [2014]; see People v Houston, 142 AD3d 1397, 1399 [4th Dept 2016], lv denied 28 NY3d 1146 [2017]; see generally People v Brown, 21 NY3d 739, 750-752 [2013]). We therefore modify the judgment accordingly. The sentence, as so modified, is not unduly harsh or severe.
Finally, we have considered defendant's remaining contention and conclude that it is without merit.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court