People v Cirino (2022 NY Slip Op 01905)





People v Cirino


2022 NY Slip Op 01905


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ.


92 KA 09-00351

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WESLEY MOLINA CIRINO, DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (EVAN ESSWEIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 29, 2008. The judgment convicted defendant upon a jury verdict of aggravated murder. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of aggravated murder (Penal Law § 125.26 [1] [a] [i]; [b]), arising from the fatal shooting of a police officer while the officer was conducting a traffic stop of a vehicle operated by the eyewitness to the shooting. We affirm.
By making only a general motion for a trial order of dismissal, defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction because the testimony of the eyewitness was incredible as a matter of law (see People v Wilcher, 158 AD3d 1267, 1267-1268 [4th Dept 2018], lv denied 31 NY3d 1089 [2018]; see generally People v Gray, 86 NY2d 10, 19 [1995]). In any event, that contention lacks merit. Contrary to defendant's contention, the eyewitness's initial reluctance to identify the shooter as defendant, with whom he was very familiar, was adequately explained, and the eyewitness's testimony was corroborated by other evidence, including defendant's inculpatory statements to the police and fellow inmates (see People v Thomas, 176 AD3d 1639, 1641 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]; People v Smith, 173 AD3d 414, 414 [1st Dept 2019], lv denied 34 NY3d 938 [2019]; People v Walker, 279 AD2d 696, 698 [3d Dept 2001], lv denied 96 NY2d 869 [2001]). Contrary to defendant's further assertions, we conclude that the eyewitness's testimony was " 'not [otherwise] incredible as a matter of law inasmuch as it was not impossible of belief, i.e., it was not manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (Wilcher, 158 AD3d at 1268).
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable (see Danielson, 9 NY3d at 348), we conclude that, "[b]ased on the weight of the credible evidence, . . . the jury was justified in finding the defendant guilty beyond a reasonable doubt" (id.; see generally People v Kancharla, 23 NY3d 294, 302-303 [2014]; People v Romero, 7 NY3d 633, 642-643 [2006]). Contrary to defendant's assertion, we also conclude that "the [i]ssues of identification and credibility, including the weight to be given to inconsistencies in testimony, were properly considered by the jury[,] and there is no basis for disturbing its determinations" (Thomas, 176 AD3d at 1640 [internal quotation marks omitted]).
We reject defendant's further contention that County Court erred in refusing to suppress a particular statement that he made to the police. Defendant sought in his omnibus motion suppression of various statements that he made to the police, including the subject statement on [*2]the ground that it was the product of custodial interrogation conducted without the benefit of Miranda warnings. Initially, inasmuch as the court, following a suppression hearing, denied that part of defendant's motion in its entirety while simultaneously finding that defendant was in custody on an unrelated charge at the time of the interview that produced the subject statement, the record demonstrates that "the unarticulated predicate for the . . . court's evidentiary ruling" was that the statement was not the product of police interrogation (People v Nicholson, 26 NY3d 813, 817 [2016]). It is well settled that "both the elements of police 'custody' and police 'interrogation' must be present before law enforcement officials constitutionally are obligated to provide the procedural safeguards imposed upon them by Miranda" (People v Huffman, 41 NY2d 29, 33 [1976]; see People v Spirles, 136 AD3d 1315, 1316 [4th Dept 2016], lv denied 27 NY3d 1007 [2016], cert denied — US &mdash, 137 S Ct 298 [2016]). Here, we conclude that the record of the suppression hearing demonstrates that the interview "did not constitute a process of interrogation to which Miranda is applicable" (Huffman, 41 NY2d at 34), inasmuch as defendant's statements were not "in response to interrogation, i.e., words or actions by police that were intended or likely to elicit an incriminating response" (People v Wearen, 19 AD3d 1133, 1134 [4th Dept 2005], lv denied 5 NY3d 834 [2005] [internal quotation marks omitted]).
Defendant failed to preserve for our review his contention that the People elicited testimony about a prior bad act that exceeded the scope of the court's pretrial ruling (see People v King, 181 AD3d 1233, 1235 [4th Dept 2020], lv denied 35 NY3d 1027 [2020]; People v Bastian, 83 AD3d 1468, 1469 [4th Dept 2011], lv denied 17 NY3d 813 [2011]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; King, 181 AD3d at 1235). Contrary to defendant's alternative contention, any error by defense counsel in failing to object to that testimony was not " 'so egregious and prejudicial' as to deprive defendant of a fair trial" (People v Cummings, 16 NY3d 784, 785 [2011], cert denied 565 US 862 [2011]; see People v Molyneaux, 49 AD3d 1220, 1222 [4th Dept 2008], lv denied 10 NY3d 937 [2008]; see generally People v Caban, 5 NY3d 143, 152 [2005]).
Defendant further contends that the People improperly introduced, without obtaining an advance ruling and in violation of People v Molineux (168 NY 264 [1901]), testimony of an inmate that defendant admitted to committing prior uncharged crimes. Contrary to defendant's contention, the record establishes that the People properly obtained a ruling on the admissibility of the inmate's testimony before he took the stand (see People v Small, 12 NY3d 732, 733 [2009]; People v Ventimiglia, 52 NY2d 350, 362 [1981]). Relatedly, we conclude that defendant's challenge to the admissibility of the inmate's testimony is preserved for our review. Although the discussion regarding the admissibility of that testimony occurred off the record, defense counsel and the court later acknowledged on the record that the discussion had occurred before the inmate took the stand and that the court had issued a ruling expressly determining that such testimony was admissible (see People v Torres [appeal No. 1], 97 AD3d 1125, 1125-1126 [4th Dept 2012], affd 20 NY3d 890 [2012]; People v Caban, 14 NY3d 369, 373 [2010]; People v Patterson, 176 AD3d 1637, 1638 [4th Dept 2019], lv denied 34 NY3d 1080 [2019]). Thus, inasmuch as the record establishes that "the trial [court] was made aware, before [it] ruled on the issue, that the defense wanted [it] to rule otherwise, preservation was adequate" (Caban, 14 NY3d at 373; see Torres, 97 AD3d at 1126; Patterson, 176 AD3d at 1638). Nonetheless, even assuming, arguendo, that the court erred in admitting the challenged testimony, we conclude that such error is harmless (see People v Casado, 99 AD3d 1208, 1211-1212 [4th Dept 2012], lv denied 20 NY3d 985 [2012]; see generally People v Frankline, 27 NY3d 1113, 1115 [2016]; People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant's contention that he was denied a fair trial by prosecutorial misconduct on summation is not preserved for our review (see CPL 470.05 [2]; People v Kims, 24 NY3d 422, 440 [2014]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant also failed to preserve for our review his challenge under CPL 310.30 to the court's handling of and response to certain jury notes (see CPL 470.05 [2]; People v Mays, 85 AD3d 1700, 1700 [4th Dept 2011], affd 20 NY3d 969 [2012]). Defendant nevertheless contends that preservation is not required because a mode of proceedings error occurred during jury deliberations when, in defendant's absence, the trial judge met in the jury room with the prosecutors and defense counsel to observe a technician show the jury how to use the provided [*3]equipment and computer program to play the video recording of a police interview of defendant that the jury had requested. At that time, the trial judge explained that the equipment was going to be set up in response to the jury's request, that the technician would show how to operate the technology, that the jury could adjust the shades in the room if it needed, and that menus for lunch would be provided shortly. We reject defendant's contention. It is well settled that "a defendant's absence during nonministerial instructions, in violation of CPL 310.30, affects the mode of proceedings prescribed by law" (People v Rivera, 23 NY3d 827, 831 [2014]). Here, the record establishes that defendant, along with defense counsel and the prosecutors, was present when the court read and discussed with the parties the proposed response to both the jury's initial note and its clarifying note, during which time defense counsel suggested that the jury be given the option to view the video recording in the jury room, and was also present when the court explained to the jury how it would proceed with fulfilling the request, i.e., by allowing the jury to view the video recording in the jury room after the technician set up the technology and explained its operation to the jury (see CPL 310.30; see generally Rivera, 23 NY3d at 831). Contrary to defendant's contention, defendant's subsequent absence, when the trial judge went into the jury room with the prosecutors and defense counsel, did not "affect[] the mode of proceedings prescribed by law" (Rivera, 23 NY3d at 831), inasmuch as the communications therein were "ministerial and therefore do[ ] not fall within the ambit of a supplemental jury instruction" (id. at 832; see Mays, 20 NY3d at 971; People v Harris, 76 NY2d 810, 811-812 [1990]).
Contrary to defendant's related contention, the technician's task of setting up the entire requested video in a playable format through the computer and audio-visual equipment and his communication with the jury about the operation of that technology were ministerial, and thus there was "no improper delegation of judicial authority" and no mode of proceedings error in that regard (People v Bonaparte, 78 NY2d 26, 31 [1991]; see Mays, 20 NY3d at 970; People v Davis, 260 AD2d 726, 729-730 [3d Dept 1999], lv denied 93 NY2d 968 [1999]).
Finally, defendant failed to preserve for our review his further contention that the court violated CPL 310.20 (1) (see CPL 470.05 [2]; People v Mills, 188 AD3d 1655, 1656 [4th Dept 2020], lv denied 36 NY3d 1058 [2021]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Mills, 188 AD3d at 1656).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court