People v McKoy (2023 NY Slip Op 03119)

People v Mckoy

2023 NY Slip Op 03119

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, MONTOUR, AND OGDEN, JJ.

325 KA 18-02110

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIE D. MCKOY, ALSO KNOWN AS JUNE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered August 20, 2018. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentence imposed on count two of the indictment shall run concurrently with the sentence imposed on count one of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law
§ 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), arising from the fatal shooting of the victim as he sat in the front passenger seat of a vehicle in a parking lot at night.
Defendant contends that he was denied a fair trial by prosecutorial misconduct because the prosecutor failed to correct trial testimony that he knew to be false when two eyewitnesses gave discrepant accounts whether they had seen and spoken with each other in the parking lot. Defendant failed to preserve that contention for our review (see CPL 470.05 [2]; People v Reed, 151 AD3d 1821, 1823 [4th Dept 2017], lv denied 30 NY3d 952 [2017]; People v Mulligan, 118 AD3d 1372, 1374 [4th Dept 2014], lv denied 25 NY3d 1075 [2015]) and, in any event, it lacks merit. Although a prosecutor has a "duty to correct [trial testimony that the prosecutor] knows to be false and [to] elicit the truth" (People v Savvides, 1 NY2d 554, 557 [1956]; see People v Colon, 13 NY3d 343, 349 [2009], rearg denied 14 NY3d 750 [2010]; People v Williams, 61 AD3d 1383, 1383 [4th Dept 2009], lv denied 13 NY3d 751 [2009]), the record contains no evidence that the prosecutor knowingly elicited or failed to correct false testimony or misled the jury (see Reed, 151 AD3d at 1823; Mulligan, 118 AD3d at 1374; Williams, 61 AD3d at 1383; People v Encarnacion, 269 AD2d 779, 780 [4th Dept 2000], lv denied 94 NY2d 918 [2000]).
Defendant next contends that testimony at trial revealed for the first time that the police located him following the shooting by "pinging" his cell phone, and that any evidence derived therefrom should have been suppressed as the product of an illegal warrantless search. That contention is not properly before us inasmuch as defendant failed to move to reopen the suppression hearing based on the relevant trial testimony (see People v Huddleston, 160 AD3d 1359, 1361 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]; see also People v Carzoglio, 198 AD3d 810, 811-812 [2d Dept 2021], lv denied 39 NY3d 985 [2022]; People v Jin Zheng, 127 AD3d 890, 890 [2d Dept 2015], lv denied 25 NY3d 1203 [2015]).
Defendant further contends that Supreme Court erred in admitting, over his foundation objection, the testimony of a female acquaintance that defendant sent her text messages following the shooting stating, inter alia, that he was going to be arrested and requesting that the acquaintance provide him with an alibi for the night of the shooting. We reject that contention. Here, although the acquaintance deleted the text messages, and there was no Internet service provider evidence or other technical evidence in this regard, the text messages were properly authenticated, through circumstantial evidence, as sent by defendant (see People v Pierre, 41 AD3d 289, 291 [1st Dept 2007], lv denied 9 NY3d 880 [2007]). The acquaintance's testimony established that defendant's phone number was saved in her cell phone under his nickname and that she frequently texted with defendant at that number (see People v Kingsberry, 194 AD3d 843, 844 [2d Dept 2021], lv denied 37 NY3d 993 [2021]; People v Serrano, 173 AD3d 1484, 1488 [3d Dept 2019], lv denied 34 NY3d 937 [2019]), and "the identity of the sender[] . . . of the messages was [also] sufficiently authenticated by the content of the text messages" (People v Mencel, 206 AD3d 1550, 1552 [4th Dept 2022], lv denied 38 NY3d 1152 [2022]; see People v Green, 107 AD3d 915, 916 [2d Dept 2013], lv denied 22 NY3d 1088 [2014]; Pierre, 41 AD3d at 291). Moreover, "[t]he credibility of the authenticating witness goes to the weight to be accorded the evidence, not to its admissibility" and, to the extent that defendant suggests that someone else could have sent the messages from the phone number associated with him, the likelihood of that scenario "presented a factual issue for the jury to resolve" (Serrano, 173 AD3d at 1488; see People v Tucker, 200 AD3d 1584, 1586 [4th Dept 2021], lv denied 38 NY3d 954 [2022]).
Contrary to defendant's related contention, we conclude that the court did not err in admitting in evidence a letter allegedly written by defendant to the acquaintance inasmuch as the circumstantial evidence was sufficient to authenticate the letter (see People v Myers, 87 AD3d 826, 827-828 [4th Dept 2011], lv denied 17 NY3d 954 [2011]; People v Bryant, 12 AD3d 1077, 1079 [4th Dept 2004], lv denied 4 NY3d 761 [2005]). Contrary to defendant's challenge to the relevance of the letter, inasmuch as the letter could reasonably be interpreted as an attempt to obtain a false alibi from the acquaintance, it "comes within the broad category of conduct evidencing a 'consciousness of guilt' and, therefore, [was] admissible and relevant on the question of . . . defendant's guilt" (People v Leyra, 1 NY2d 199, 208 [1956]; see generally People v Moses, 63 NY2d 299, 308 [1984]). We have reviewed defendant's remaining challenge to the admission of the letter and the testimony concerning the text messages and conclude that it does not warrant reversal or modification of the judgment.
Defendant's contention that the prosecutor erred in eliciting testimony with respect to defendant's invocation of the right to counsel is not preserved for our review (see CPL 470.05 [2]; People v Vrooman, 115 AD3d 1189, 1190 [4th Dept 2014], lv denied 23 NY3d 969 [2014]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Jackson, 41 AD3d 1268, 1269-1270 [4th Dept 2007], lv denied 10 NY3d 812 [2008], reconsideration denied 11 NY3d 789 [2008]). Contrary to defendant's related contention, he was not denied effective assistance of counsel by defense counsel's failure to object to that fleeting testimony inasmuch as the single error by defense counsel was not "sufficiently egregious and prejudicial as to compromise . . . defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152 [2005]; see Vrooman, 115 AD3d at 1190; Jackson, 41 AD3d at 1270).
We further conclude that, contrary to defendant's contention, the court did not abuse its discretion in denying his motion for a mistrial based on alleged juror misconduct (see People v Quinones, 174 AD3d 1514, 1516 [4th Dept 2019], lv denied 34 NY3d 983 [2019]; see generally People v Buford, 69 NY2d 290, 299 [1987]).
Defendant further contends that the People improperly introduced, without obtaining an advance ruling and in violation of People v Molineux (168 NY 264 [1901]), testimony of one of the eyewitnesses that she had observed defendant in possession of the same gun used to shoot the victim a couple of weeks before the shooting. Contrary to defendant's contention, the record establishes that there was no unfairness to him inasmuch as the prosecutor asked for a ruling out of the presence of the jury and the court conducted a hearing with respect to the admissibility of such evidence before the eyewitness testified to the prior bad act or uncharged crime, during which the prosecutor detailed the testimony to be elicited as an offer of proof, defense counsel made arguments in opposition to the admissibility of the testimony, and the court ruled that the testimony was admissible on the ground that its probative value outweighed its prejudicial effect [*2](see People v Small, 12 NY3d 732, 733 [2009]; People v Ventimiglia, 52 NY2d 350, 361-362 [1981]). Defendant failed to preserve for our review his related contention that the court erred in failing to provide an immediate limiting instruction with respect to the foregoing Molineux evidence (see CPL 470.05 [2]; People v Hildreth, 199 AD3d 1366, 1368 [4th Dept 2021], lv denied 37 NY3d 1161 [2022]), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Hildreth, 199 AD3d at 1368). We note in any event that the court's "limiting instruction in its jury charge 'served to alleviate any potential prejudice resulting from the admission of the evidence' " (People v Holmes, 104 AD3d 1288, 1289 [4th Dept 2013], lv denied 22 NY3d 1041 [2013]; see People v Bibbes, 98 AD3d 1267, 1269-1270 [4th Dept 2012], amended on rearg 100 AD3d 1473 [4th Dept 2012], lv denied 20 NY3d 931 [2012]). Defendant also failed to preserve for our review his further contention that the prosecutor elicited testimony that exceeded the court's Molineux ruling (see People v Green, 196 AD3d 1148, 1150-1151 [4th Dept 2021], lv denied 37 NY3d 1096 [2021], reconsideration denied 37 NY3d 1161 [2022]; People v King, 181 AD3d 1233, 1235 [4th Dept 2020], lv denied 35 NY3d 1027 [2020]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; King, 181 AD3d at 1235).
Next, even assuming, arguendo, that an acquittal would not have been unreasonable (see People v Danielson, 9 NY3d 342, 348 [2007]), upon acting, in effect, as a second jury by independently reviewing the evidence in light of the elements of the crimes as charged to the jury (see People v Kancharla, 23 NY3d 294, 302-303 [2014]; People v Delamota, 18 NY3d 107, 116-117 [2011]; Danielson, 9 NY3d at 348-349), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's additional contention, we conclude that the record of the reconstruction hearing conducted by the court supports its determinations that three unmarked documents contained in the court file were not jury notes that had been duly transmitted to the court during deliberations, and that there was thus no failure to comply with the procedures required by CPL 310.30 and People v O'Rama (78 NY2d 270 [1991]) with respect to those documents (see People v Meyers, 162 AD3d 1074, 1075 [2d Dept 2018], affd 33 NY3d 1018 [2019]).
Furthermore, there is no merit to defendant's contention that reversal is required due to the cumulative effect of alleged errors that occurred during trial (see People v Wilson, 96 AD3d 1470, 1471 [4th Dept 2012], lv denied 19 NY3d 1002 [2012]; People v Drayton, 270 AD2d 826, 827 [4th Dept 2000], lv denied 95 NY2d 834 [2000]).
We agree with defendant, however, that the sentence is illegal insofar as the court directed that the sentence imposed for criminal possession of a weapon in the second degree shall run consecutively to the sentence imposed for murder in the second degree (see People v Colon, 196 AD3d 1043, 1047 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]; People v Alligood, 192 AD3d 1508, 1510 [4th Dept 2021], lv denied 37 NY3d 970 [2021]). The People had the burden of establishing that the consecutive sentences were legal, i.e., that the crimes were committed through separate acts or omissions (see People v Rodriguez, 25 NY3d 238, 244 [2015]; see generally Penal Law § 70.25 [2]), and they failed to meet that burden. In particular, the People "failed to present evidence at trial that defendant's act of possessing the loaded firearm [on the date of the offenses as alleged in the indictment] 'was separate and distinct from' his act of shooting the victim" (Alligood, 192 AD3d at 1510; see Colon, 196 AD3d at 1047). We therefore modify the judgment accordingly. The sentence, as so modified, is not unduly harsh or severe.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court